UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | MISCELLANEOUS DOCKET NO.: |
| Plaintiff, | * | |
| | * | SECTION: |
| v. | | MAGISTRATE: |
| | * | |
| TRANSOCEAN HOLDINGS LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., TRANSOCEAN DEEPWATER, INC. and TRITON ASSET LEASING GmbH | * | Action for Summary Enforcement of Administrative Subpoena |
| | * | |
| Respondents. | * | |
| * * * | | |

PETITION OF THE UNITED STATES OF AMERICA
FOR SUMMARY ENFORCEMENT OF ADMINISTRATIVE SUBPOENA

Petitioner, the United States of America, on behalf of the Joint Board of Investigation of the United States Coast Guard and the Bureau of Ocean Energy Management, Regulation and Enforcement[1] convened under the authority of 46 U.S.C. §6301, et seq. and 43 U.S.C. §1348, respectfully petitions this Court for an order enforcing a subpoena issued by the Joint Board of Investigation to respondents Transocean Holdings LLC, Transocean Offshore Deepwater Drilling

---

[1] For brevity sake, the Joint Board of Investigation of the United States Coast Guard and the Bureau of Ocean Energy Management, Regulation and Enforcement will sometimes be referred to as the Joint Board of Investigation or the Board.

Inc., Transocean Deepwater Inc., and Triton Asset Leasing GmbH (collectively "Transocean"), as Owners, Managing Owners, Owners Pro Hac Vice, and/or Operators, of the MODU *Deepwater Horizon*, her engines, gear, tackle, appurtenances, etc., which caught fire on or about April 20, 2010 and sank several days later.  In support of its Petition, the Court is respectfully referred to the Declaration of Captain Hung Nguyen, attached hereto as Exhibit No. 1 and the United States' memorandum attached hereto, which is incorporated herein by reference.  As a basis for its Petition, the United States avers as follows:

### Jurisdiction and Venue

1.     This is a suit for enforcement of an administrative subpoena issued against Transocean by the Joint Board of Investigation pursuant to its statutory authority.  The Court has jurisdiction over the subject matter and the parties to this action under 46 U.S.C. 6304(b) and 28 U.S.C. §§ 1331 and 1345.

2.     Venue in this District of proper under 46 U.S.C. 6304(b) and 28 U.S.C. § 1391.

### Respondents

3.     Respondents are Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Inc., and Triton Asset Leasing GmbH, (collectively Transocean) as Owners, Managing Owners, Owners Pro Hac Vice, and/or Operators, of the MODU *Deepwater Horizon*, her engines, gear, tackle, appurtenances, etc.  Respondents are foreign corporations doing business within this judicial district.

### Issuance and Service of the Subpoena

4.     On April 27, 2010, under a statutory grant of authority provided by Congress under the Outer Continental Shelf Lands Act (OCSLA), the Department of Homeland Security and the Department

of the Interior directed the United States Coast Guard (USCG) and the Bureau of Ocean Energy Management, Regulation and Enforcement (BOEMRE) to conduct a joint investigation into the Mobile Offshore Drilling Unit (MODU) *Deepwater Horizon* tragedy. Pursuant to its authority, the Joint Board of Investigation has conducted hearings over numerous days. The Board's next hearings are scheduled for December 7 through 9, 2010.

5.      On October 21, 2010,[2] the Joint Board of Investigation issued a subpoena *duces tecum* to Transocean for production of documents pursuant to its authority under 46 U.S.C. § 6304 and 43 U.S.C. § 1348. A copy of the subpoena is attached to Exhibit No. 1 as Exhibit A.

6.      The subpoena was issued in furtherance of the joint investigation which was convened to determine, *inter alia*, the cause or causes of the *Deepwater Horizon* blowout, fire, explosion and oil spill in order to prevent future accidents, whether an act of misconduct, incompetence, negligence, unskillfulness, or willful violation of the law committed by any person contributed to the cause or causes of the casualty, including the deaths involved in the casualty, and whether there is a need for new laws or regulations, or amendment or repeal of existing laws or regulations, to prevent the recurrence of the casualty. The documents requested by the subpoena issued to Transocean are relevant to this inquiry and the request is reasonable and not unduly burdensome.

7.      After several discussions between counsel for the Joint Board of Investigation and Transocean regarding the Board's need for responsive documents, Transocean responded to the subpoena in correspondence dated November 4, 2010. See Exhibit B attached to Exhibit No. 1,

---

[2]The subpoena issued on October 21, 2010 is not the first subpoena issued by the Joint Board of Investigation seeking the requested documents. The Board issued the first subpoena on August 4 and re-issued the subpoena on September 2, 2010. Transocean responded to both of these subpoenas with objections and produced no documents. The most recent subpoena was issued on October 21, 2010 and is the subpoena at issue in the instant proceeding.

correspondence from counsel for Transocean dated November 4, 2010. Although Transocean responded to several of the categories of documents requested in the subpoena, as to two categories seeking, respectively,

> all documents relating to the ISM audit report for all Transocean vessels that operated in the Gulf of Mexico at the time of the casualty, and

> the external audit(s) of the Safety Management System (ISM was implemented 12 years ago; including but not limited to, an initial audit in 1998, two 5-year recertification audits in 2003 and 2008, and four interim audits in 2001, 2004, 2007 and 2010,

Transocean objected and produced no documents. See Exhibit No. 1.

8. The subpoena is fully authorized by law and in all other respects is proper and the United States is entitled to summary enforcement by this Court.

**WHEREFORE**, Petitioner the United States respectfully requests this Court to:

1. Order Transocean to produce by a date certain the following:

    all documents relating to the last ISM audit report for all Transocean vessels that operated in the Gulf of Mexico at the time of the casualty, and

    The external audit(s) of the Safety Management System (ISM), including but not limited to an initial audit in 1998, two 5-year recertification audits in 2003 and 2008, and four interim audits in 2001, 2004, 2007 and 2010.

and, upon completion of the production, confirm in writing that all such documents have been produced,

2. To the extent that Transocean claims that any documents described in the subpoena are privileged, order that Transocean submit to the Board by a date certain a privilege log describing each document over which it claims a privilege and identifying the date, author, and recipient(s) of the document and stating the legal basis for the assertion of privilege, and

3. Grant such other and further relief as the Court deems necessary and appropriate.

A proposed order is attached hereto.

          Respectfully submitted,

          JIM LETTEN
          UNITED STATES ATTORNEY

          ***s/ SHARON D. SMITH***
          SHARON D. SMITH (17146)
          Assistant United States Attorney
          Hale Boggs Federal Building
          500 Poydras Street, Room B210
          New Orleans, Louisiana 70130
          Telephone: (504) 680-3004